## Wagner's Estate (No. 2).

*Executors and administrators—Propriety of administration d. b. n.— Appointment of administrator d. b. n.*

1. Where an oldest son, who is one of several children of a decedent, applies for letters of administration d. b. n. on his father's estate, the other children cannot object to the appointment merely on the ground that the only matter open upon which such administration could operate, was a small claim of doubtful value, inasmuch as the applicant will be alone liable for the costs if he fails in the experiment to make the collection.

2. If it appears that the applicant is the owner of considerable real estate, sustains a good reputation among his neighbors, and is the only person who has any thought that some assets may be gotten together, the court will not review the discretion of the register of wills in appointing him, and this is the case, although there is some evidence that there was not the best feeling between the applicant and the other heirs.

Argued Oct. 26, 1914. Appeal, No. 181, Oct. T., 1914, by Kate Long et al., from decree of O. C. Lebanon

Co., July T., 1910, No. 4, dismissing appeal from Register of Wills in Estate of Gideon Wagner, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Appeal from register of wills.

From the record it appeared that the appeal was from the decision of the register of wills appointing Amos Wagner, the eldest son of Gideon Wagner, administrator d. b. n. of his father's estate.

The court dismissed the appeal, HENRY, P. J., filing an opinion which was in part as follows:

The register granted these letters to the eldest son of the decedent. The testimony shows he is a man of considerable property, and the reasons advanced against his appointment are the feeling existing between him and other members of the family, which he denies as existing upon his part, and the fact that he had some claims which were involved in the settlement of the estate. This evidence was before the register, and we cannot say that he has abused his direction.

It seems that the estate of this decedent has been settled, and that the only matter open upon which this administration can operate is a small claim of doubtful value. Bootless as this litigation seems to be, if the grantee of the letters is willing to take his chances in incurring the costs of administration, the other heirs are hardly in position to object, for these costs cannot be placed upon them in the event of a failure or want of assets in the estate.

*Error assigned* was decree dismissing the appeal.

*Samuel T. Meyer*, for appellants.—A legal necessity must exist before the register can grant letters of administration to anyone: Garman's Est., 211 Pa. 264; Wagner's Est., 227 Pa. 460; Sibbs v. Phila. Saving

Fund Society, 153 Pa. 345; Transue's Est., 141 Pa. 170; Culp's Est., 5 Pa. C. C. Rep. 582; Rapp's Est., 12 Pa. C. C. Rep. 609; Bell v. McIntyre, 20 Pa. Dist. Rep. 833.

Amos Wagner was not entitled to letters of administration de bonis non, even if they were by law necessary at the time he applied for them, although he was the oldest son: Brubaker's App., 98 Pa. 21; Shomo's App., 57 Pa. 356; McClellan's App., 16 Pa. 110; Hanbest's Est., 12 Pa. Dist. Rep. 114; Failor's Est., 10 Pa. Superior Ct. 253; Bieber's App., 11 Pa. 157; Spencer's Est., 20 Pa. C. C. Rep. 657.

*E. E. McCurdy*, with him *G. H. Riegel*, for appellee.

OPINION BY TREXLER, J., March 11, 1915:

The first question involved in this appeal is whether there was any necessity for the appointment of an administrator d. b. n. and the second question is whether the appellee was a proper person to act as such.

The first question may be answered in the language of the court below, "It seems that the estate of this decedent has been settled, and that the only matter open upon which this administration can operate is a small claim of doubtful value. Bootless as this litigation seems to be, if the grantee of the letters is willing to take his chances of incurring the costs of administration, the other heirs are hardly in position to object, for these costs cannot be placed upon them in the event of a failure or want of assets in the estate." If the administrator d. b. n. has confidence enough in his ability to collect the claim and is willing to run the risk there is no harm done. If he fails the other heirs cannot be asked to pay the cost of the experiment. If there is no estate there can be no payment made out of the estate. If, as the appellant alleges, there is no estate to administer there remains no subject of contention. The administrator then has his trouble for his pains.

As to the second question we think the register properly exercised his discretion in appointing the appellee. He is the oldest son of decedent. There is evidence that he is the owner of considerable real estate and sustains a good reputation among his neighbors. He seems to be the only person who has any thought that some assets can be gotten together. There is some evidence that there is not the best feeling between him and the other heirs, but he denies the existence of it on his part. The register could hardly have appointed another person of the same class as no one else of the parties interested thought there was anything to administer. The register concluded that the appellee was a fit person to undertake the task and in this respect we think the testimony submitted sustains his view. The selection having been within his discretion, no personal disqualification having been shown, his decision is therefore absolute: George W. Levan's App., 112 Pa. 294.

The appeal is dismissed at the cost of appellants.